JUDGE FRANK MONTALVO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

2007 DEC 19 PM 6: 08

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § CRIMINAL NO. EP-07-CR- |
| Plaintiff, | § |
| | § **SEALED** |
| V. | § |
| | § **INDICTMENT** |
| DING ZHENGXING | § |
|    a.k.a. Zhengxing Ding | § Vio: CT 1 - 18:371, 22:2778 (b)(2), (c)- |
|    a.k.a. Ding Zhenhxing | § Conspiracy to Illegally Export Defense |
| PETER ZHU | § Articles |
|    a.k.a. Zhu Xuliang | § |
|    and | § Vio: CT 2 - 22:2278(b)(2), (c), 18:2-Aiding |
| SU YANG | § and Abetting the Illegal Export of |
|    a.k.a. Yang Su, | § Defense Articles |
| | § |
| Defendants. | § Vio:   CT3 & 4 -18:1956 (a)(2)(A) - |
| | § Conspiracy to Launder Monetary |
| | § Instruments |

# EP07CR3289

THE GRAND JURY CHARGES:

## COUNT ONE
(18 U.S.C. § 371, 22 U.S.C. § 2778(b)(2), 2778 (c))

### Introduction

In furtherance of world peace and the security and foreign policy of the United States,

the Arms Export Control Act (22 U.S.C. § 2778), authorizes the President to control the export

of defense articles by designating such items on the United States Munitions List.

The President, through the United States Secretary of State, has set forth publicly the

United States Munitions List in the International Traffic in Arms Regulations (22 C.F.R. § 121).

No defense articles on the United States Munitions List may be exported without a license for such export, issued in accordance with the Arms Export Control Act, except if otherwise specifically provided in regulations.

ALH430 monolithic HEMT amplifiers and APH502 monolithic HEMT amplifiers are designated as a defense article on the United States Munitions List, Category XI(a).

On June 5, 1989, in the immediate aftermath of the June 4, 1989 violent suppression of the democracy movement at Tiananmen Square by the government of the People's Republic of China, the President of the United States, through the Secretary of State, immediately and publicly suspended all licenses and approvals to export defense articles and defense services from the United States to the People's Republic of China ("PRC"). In 1990, the United States Congress publicly approved that suspension and, in Public Law 101-246, made public findings and provided public notice that the issuance of licenses under the Arms Export Control Act for exports to the PRC shall continue to be suspended. In Section 126.1 of the International Traffic in Arms Regulations (22 C.F.R. § 126.1), the Secretary of State has set forth publicly that policy to deny licenses and any other approvals for exports of defense articles to the PRC.

## The Conspiracy

That beginning on or about August 1, 2006, and continuing to and including the date of this indictment, in the Western District of Texas, the People's Republic of China and elsewhere, Defendants,

**DING ZHENGXING**
a.k.a. Zhengxing Ding
a.k.a. Ding Zhenhxing
**PETER ZHU**
a.k.a. Zhu Xuliang and
**SU YANG**
a.k.a. Yang Su

did knowingly, and intentionally conspire, combine, confederate, and agree together, and with

each other, and with others to the Grand Jury known and unknown, to commit offenses against

the United States; to-wit: to knowingly and wilfully export and to attempt to export from the

United States defense articles designated on the United States Munitions List, Category XI(a),

without having first obtained from the Department of State a license for such export or written

authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2)

and (c), and Title 22, United States Code of Federal Regulations, Sections 121.1, 123.1 and

127.1(a) and 127.3.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-

conspirators herein committed one or more of the following overt acts, among others, in the

Western District of Texas, the People's Republic of China and elsewhere:

1.    On or about August 27, 2006, PETER ZHU sent an electronic mail message to

an Immigration and Customs Enforcement Undercover Agent requesting

ALH430 monolithic HEMT amplifiers for export from the United States.

2.    On or about September 13, 2006, PETER ZHU sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent agreeing to the price of $66.00 per each ALH430 monolithic HEMT amplifier which were to be exported from the United States.

3.    On or about October 20, 2006, PETER ZHU and an Immigration and Customs Enforcement Undercover Agent spoke telephonically and discussed the shipment of ALH430 monolithic HEMT amplifiers which were to be exported from the United States.

4.    On or about October 20, 2006, PETER ZHU sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent with a purchase order for 100 ALH430 monolithic HEMT amplifiers which were to be exported from the United States. The purchase order reflected the deposit of $4,500.00 toward a total fee of $10,500.00.

5.    On or about November 14, 2006, PETER ZHU and an Immigration and Customs Enforcement Undercover Agent spoke telephonically and discussed the delivery of ALH430 monolithic HEMT amplifiers which were to be exported from the United States.

6.    On or about November 16, 2006, PETER ZHU wire transferred $4,500.00 to an Immigration and Customs Enforcement Undercover Company as a deposit toward the purchase of 100 ALH430 monolithic HEMT amplifiers which were to be exported from the United States.

-4-

7.  On or about December 4, 2006, PETER ZHU sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent requesting additional items for export from the United States.

8.  On or about January 25, 2007, PETER ZHU wire transferred $6,000.00 to an Immigration and Customs Enforcement Undercover Company as the final payment for the purchase of 100 ALH430 monolithic HEMT amplifiers which were to be exported from the United States.

9.  On or about August 21, 2007, PETER ZHU sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent and provided the name, e-mail address and telephone number for another individual. PETER ZHU directed the Immigration and Customs Enforcement Undercover Agent to discuss the delivery of the ALH430 monolithic HEMT amplifiers with that person.

10. On or about August 27, 2007, DING ZHENGXING sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent requesting that he be contacted via a SKYPE on-line communication.

11. On or about September 3, 2007, DING ZHENGXING sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent indicting that PETER ZHU has requested his assistance in arranging the shipment of the ALH430 monolithic HEMT amplifiers.

12.    On or about September 4, 2007, DING ZHENGXING sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent requesting a quote for 100 APH 502 monolithic HEMT amplifiers which were to be exported from the United States.

13.    On or about September 12, 2007, DING ZHENGXING sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent requesting information concerning the delivery of the ALH430 monolithic HEMT amplifiers.

14.    On or about September 13, 2007, DING ZHENGXING sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent requesting a quote for 100 APH 502 monolithic HEMT amplifiers which were to be exported from the United States.

15.    On or about September 19, 2007, via a SKYPE on-line conversation, DING ZHENGXING and an Immigration and Customs Enforcement Undercover Agent discussed the delivery of the ALH430 monolithic HEMT amplifiers and APH 502 monolithic HEMT amplifiers which were to be exported from the United States.

16.    On or about September 25, 2007, DING ZHENGXING sent an electronic mail message to an Immigration and Customs Enforcement Undercover Agent informing him that he (DING ZHENGXING) had asked SU YANG to contact the Immigration and Customs Enforcement Undercover Agent via SKYPE.

-6-

17.   On or about October 22, 2007, via a SKYPE on-line conversation, SU YANG and an Immigration and Customs Enforcement Undercover Agent discussed the delivery of the ALH430 monolithic HEMT amplifiers to Bangkok, Thailand. SU YANG indicated that he was a partner of DING ZHENGXING.

18.   On or about November 12, 2007, via a SKYPE on-line conversation, SU YANG and an Immigration and Customs Enforcement Undercover Agent discussed the purchase of APH 502 monolithic HEMT amplifiers.

19.   On or about November 26, 2007, via a SKYPE on-line conversation, SU YANG and an Immigration and Customs Enforcement Undercover Agent discussed the delivery of the ALH430 monolithic HEMT amplifiers and APH 502 monolithic HEMT amplifiers.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(22 U.S.C. § 2778(b)(2), 2778 (c); 18 U.S.C. § 2)

That beginning on or about August 1, 2006, and continuing to and including the date of this indictment, in the Western District of Texas, the People's Republic of China and elsewhere, Defendants,

**DING ZHENGXING**
**a.k.a. Zhengxing Ding**
**a.k.a. Ding Zhenhxing**
**PETER ZHU**
**a.k.a. Zhu Xuliang and**
**SU YANG**
**a.k.a. Yang Su**

-7-

knowingly and willfully did export and attempt to export from the United States defense articles, to-wit; ALH430 monolithic HEMT amplifiers and APH502 monolithic HEMT amplifiers, which are designated as defense articles on the United States Munitions List, Category XI(a), without a license or written authorization for such export and attempted export having first been obtained from the Department of State, in violation of Title 22, United States Code, Section 2778(b)(2) and (c), and Title 22, United States Code of Federal Regulations, Sections 121.1, 123.1 and 127.1(a) and 127.3 and Title 18, United States Code, Section 2.

## COUNT THREE
### (18 U.S.C. §§ 1956 (a)(2)(A))

The Grand Jury incorporates by reference the allegations of Count 1 of this indictment as though fully set forth herein.

That on or about November 16, 2006, in the Western District of Texas, the Peoples' Republic of China and elsewhere, Defendant,

### PETER ZHU
### a.k.a. Zhu Xuliang

knowingly, intentionally, and unlawfully conducted and attempted to conduct a financial transaction, to-wit; to transport, transfer, or transmit monetary instruments or funds from a place outside the United States to or through a place inside the United States with the intent to promote the carrying on of a specified unlawful activity, to-wit; transferred funds from a financial institution in the Peoples' Republic of China to a financial institution in the United States as partial payment for 100 ALH430 monolithic HEMT amplifiers, knowing that the

transaction was designed, in whole or in part to promote some form of specified unlawful activity, to-wit;  to promote the unlawful export of defense articles, namely  ALH430 monolithic HEMT amplifiers, in violation of the Arms Control Export Act, Title 22 U.S.C. Section 2278,  all in violation of Title 18, United States Code, Sections 1956 (a)(2)(A).

## COUNT FOUR
(18 U.S.C. §§ 1956 (a)(2)(A))

The Grand Jury incorporates by reference the allegations of Count 1 of this  indictment as though fully set forth herein.

That  on or about January 25, 2007,  in the Western District of Texas, the Peoples' Republic of China and elsewhere, Defendant,

### PETER ZHU
### a.k.a. Zhu Xuliang

knowingly, intentionally, and unlawfully conducted and attempted to conduct a financial transaction, to-wit; to transport, transfer, or transmit monetary instruments or funds from a place outside the United States to or through a place inside the United States with the intent to promote the carrying on of a specified unlawful activity, to-wit; transferred funds from a financial institution in the Peoples' Republic of China to a financial institution in the United States as partial payment for ALH430 monolithic HEMT  amplifiers, knowing that the transaction was designed, in whole or in part to promote some form of specified unlawful activity, to-wit;  to promote the unlawful export of defense articles, namely  ALH430 monolithic

HEMT amplifiers, in violation of the Arms Control Export Act, Title 22 U.S.C. Section 2278,

all in violation of Title 18, United States Code, Sections 1956 (a)(2)(A).


A TRUE BILL.


_____

FOREPERSON OF THE GRAND JURY


JOHNNY SUTTON
UNITED STATES ATTORNEY


BY: _____
    Juanita Fielden
    Assistant U.S. Attorney


-10-